UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 08-47647-399 |
| JASPER P. CILLO, SR., | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| CHARLES DIETIKER | ) | |
| | ) | |
| and | ) | Adversary No.: 08-4253 |
| | ) | |
| EDWARD DIETIKER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JASPER P. CILLO, SR., | ) | |
| | ) | |
| Defendant. | ) | |

## DEBTOR/DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT TO DENY DISCHARGEABILITY OF INDEBTEDNESS

COMES NOW Jasper P. Cillo, Sr. ("Cillo"), Debtor/Defendant herein, by and through counsel, and states as follows for his Motion to Dismiss the Complaint filed by Plaintiffs, Charles Dietiker and Edward Dietiker (collectively referred to as "Plaintiffs"), herein:

1.   On October 1, 2008, Cillo filed his voluntary petition under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 ("the Bankruptcy Code").

2.   Plaintiffs filed their adversary complaint to determine the dischargeability of a claim that Plaintiffs, individually, purport to have against Cillo pursuant to § 523(a)(2)(A) and (B) of the Bankruptcy Code on December 29, 2008.  See Adversary Complaint at ¶¶ 6-9.

3. The Adversary Complaint appears to allege that Cillo owes Plaintiffs $51,610.40, plus attorney's fess, costs and punitive damages, and requests that this Court find the claim nondischargeable pursuant to § 523(a)(2)(A) and § 523(a)(2)(B). See Adversary Complaint at ¶ 7.

4. The Adversary Complaint alleges:

　　a. That Cillo represented that he had an ownership interest in LJC Properties, LLC ("LJC") and that LJC had an ownership interest in real property more commonly known as 4107-4109 Broadway;  4101-4105 Broadway; 4123-4127 Broadway; 816 Penrose, 900-902 Penrose; and 815-817 Angelica all located in the City of St. Louis, Missouri (collectively referred to as the "Property");

　　b. That Cillo represented that he had full authority and ability to enter into a sale contract for the Property; and

　　c. That Cillo represented that there was no legal action pending or threatened which would affect the title to the Property at the execution of the sale agreement.

See Adversary Complaint at ¶ 10.

5. The Adversary Complaint further alleges that at the time Cillo made the aforementioned representations he knew the representations were false. See Adversary Complaint at ¶ 11.

6. The Adversary Complaint also alleges that Cillo executed writings evidencing the aforementioned representations. See Adversary Complaint at ¶ 12.

7. Finally, the Adversary Complaint alleges that Cillo made the aforementioned representations intending that Plaintiffs rely on the representations and that Plaintiffs justifiably relied on the representations. See Adversary Complaint at ¶¶ 13 and 14.

750074.1　　　　　　　　　　　　　　2

8.      Plaintiffs' Adversary Complaint fails to allege facts sufficient to constitute a claim for denial of the dischargeability of Cillo's alleged debt to Plaintiffs under § 523(a)(2)(A) or § 523(a)(2)(B) of the Bankruptcy Code.

9.      The Adversary Complaint fails to allege what, if anything, Cillo "obtained" from Plaintiffs as a result of the alleged fraud.

10.     Federal Rule of Civil Procedure ("Federal Rule") 12(b)-(h) applies to an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7012(b). See Fed. R. Bankr. P. 7012.

11.     In addition, Federal Rule 9(b) applies to an adversary proceeding as it is incorporated in Bankruptcy Rule 7009. See Fed. R. Bankr. P. 7009.

12.     Pursuant to Bankruptcy Rule 7009, a party alleging fraud or mistake must "state with particularity the circumstances constituting fraud." See id.

13.     The Adversary Complaint fails to comply with Bankruptcy Rule 7009 in regards to Plaintiffs' claim under § 523(a)(2)(A) because it fails to allege facts sufficient to identify who any representation was made to, the date, time and place of the representation, or the method that communicated the representation to the Plaintiffs.

14.     Further, the Adversary Complaint fails to allege facts showing that, at the time, the maker knew the representation was false, that the maker made the representation with the intent and purpose of deceiving the Plaintiffs, and if both or one of the Plaintiffs relied on the representation and sustained a loss therefrom.

15.     In addition, Plaintiffs' adversary complaint also fails to comply with Bankruptcy Rule 7009 in regards to Plaintiffs' claim under § 523(a)(2)(B) because it fails to allege what Cillo obtained from the alleged use of a fraudulent written statement. Moreover, the Adversary

750074.1                                3

Complaint fails to allege any facts that identify with particularity (1) a writing; (2) that the writing was materially false; (3) that the writing pertained to Cillo's or an insider's financial condition; (4) that Plaintiffs reasonably relied on the writing; and (5) that Cillo made the writing with the intent to deceive Plaintiffs.

16. Accordingly, the Plaintiffs' adversary complaint must be dismissed for failure to comply with Bankruptcy Rule 7009 and for failure to state a claim for which relief can be granted pursuant to Bankruptcy Rule 7012.

17. A Memorandum of Law in Support of this Motion is attached hereto and incorporated herein by reference.

WHEREFORE, Jasper P. Cillo, Sr., the Debtor/Defendant herein, prays that this Court enter its Order dismissing Charles Dietiker and Edward Dietiker's Complaint to Deny Dischargeability of Indebtedness and for such other and further relief as this Court deems just and proper.

    Respectfully Submitted,
    SUMMERS COMPTON WELLS PC

Date: February 17, 2009    By /s/ Bonnie L. Clair
    Bonnie L. Clair, EDMo #44553, MOBar #41696
    8909 Ladue Road
    St. Louis, MO  63124
    (314) 991-4999/(314) 991-2413 Fax
    blcattymo@scwpclaw.com
    Attorney for Debtor

## CERTIFICATE OF SERVICE

   I hereby certify that a copy of the foregoing was served via electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri to the parties requesting service by electronic filing.  I hereby also certify that a copy of the foregoing was served via United States Mail, first class postage prepaid, on the date of the electronic filing of this document to those individuals and entities not requesting service by electronic filing.  The individuals and entities being served electronically or by mail are:

Office of the United States Trustee
Thomas F. Eagleton Building
111 South Tenth Street, Suite 6353
St. Louis, Missouri 63102

Timothy P. Philipp, Esq.
Timothy P. Philipp, P.C.
3801 McKelvey Road, Ste. 200
Bridgeton, MO 63044

John V. LaBarge, Jr.
Chapter 13 Trustee
PO Box 430908
St. Louis, MO 63143

                  /s/  Bonnie L. Clair

750074.1

5